JKB/cmj/636038

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORTEC CORPORATION, | ) | |
| | ) | Case No. 15-cv-2450 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRANSILWRAP COMPANY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Cortec Corporation (hereinafter "Cortec" or "Plaintiff"), in connection with its complaint against Defendant Transilwrap Company, Inc. (hereinafter "Transilwrap" or "Defendant") states as follows:

### JURISDICTIONAL STATEMENT

1. This is an action is brought under the Trademark Act, 15 U.S.C. § 1051, *et seq.* This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, as well as pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b). Cortec's claims for unfair competition, dilution, and deceptive trade practices are brought pursuant to 28 U.S.C. § 1338(b). Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Cortec's Illinois law claims.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) based on the fact that Transilwrap has its principal place of business in this District, and based upon the fact that a substantial part of the events giving rise to the claims occurred and are occurring in this District.

## BACKGROUND

3. Plaintiff Cortec is a Minnesota corporation having its principal place of business at 4119 White Bear Parkway, St. Paul, Minnesota 55110.

4. Defendant Transilwrap is an Illinois corporation having a principal place of business at 9201 Belmont Avenue, Franklin Park, Illinois 60131-2887.

5. Cortec is in the business of producing, marketing, and selling vapor phase corrosion inhibitor plastic film (hereinafter "film") for use in connection with, for example, industrial or commercial wrapping. Cortec affixes the color blue to its film as a trademark, and has done so since 1981.

6. Cortec's blue marked film has developed an excellent reputation for quality within the relevant markets. Cortec's blue marked film has generated an enormous amount of goodwill that is symbolized by the color blue. Cortec's blue marked film is associated with Cortec in the minds of consumers at all levels. Cortec's COLOR BLUE trademark is an extremely valuable asset of Cortec.

7. Cortec is the owner of the entire right, title, and interest in and to U.S. Trademark Reg. No. 2,466,727, registered for the COLOR BLUE as used in connection with vapor phase corrosion inhibitor plastic film for industrial or commercial wrapping. (A copy of this registration is attached hereto as Exhibit 1).

8. Recently, and long after the color blue acquired distinctiveness as a source indicator for Cortec's film products, Transilwrap commenced selling competitive blue marked film products not originating with Cortec on the open market.

### COUNT I: Violation of Lanham Act Section 43(A)

9. Cortec incorporates by reference paragraphs 1-8 of this Complaint, set forth above.

10. Transilwrap's unauthorized use of Cortec's COLOR BLUE mark on and in connection with its film products constitutes false designation of origin and false description or representation, and such use is likely to cause confusion as to the source of Transilwrap's blue film products. Such conduct violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT II: Common Law Trademark Infringement

11. Plaintiff hereby incorporates by reference paragraphs 1-10 of this Complaint, set forth above.

12. The conduct set forth in paragraphs 1-11 constitutes common law trademark infringement. Transilwrap's use of Cortec's COLOR BLUE trademark, without Cortec's authorization, creates a likelihood of confusion, deception, and is misleading. Transilwrap's conduct discussed above will cause purchasers of blue film products emanating from Transilwrap to reasonably believe that Transilwrap's film products emanate from, are backed by, are associated with, or are otherwise are sponsored by Cortec. Such conduct constitutes an infringement of Cortec's common law rights in its COLOR BLUE trademark.

### COUNT III: Common Law Unfair Competition

13. Plaintiff hereby incorporates by reference paragraphs 1-12 of this Complaint, set forth above.

14. The conduct and activities of Transilwrap set forth above constitute unfair competition under the laws of the State of Illinois.

### COUNT IV: Violation of Illinois Deceptive Trade Practices Act

15. Plaintiff hereby incorporates by reference paragraphs 1-14 of this Complaint set forth above.

16. The conduct and activities of Transilwrap set forth above constitute deceptive trade practices within the meaning of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2.

### COUNT V: Federal Trademark Infringement

17. Plaintiff hereby incorporates by reference paragraphs 1-16 of this Complaint, set forth above.

18. The conduct and activities of Transilwrap set forth above constitute infringement of Cortec's Federally registered trademark of U.S. Reg. No. 2,466,727, within the meaning of 15 U.S.C. § 1114.

19. Cortec's COLOR BLUE registration is not functional, is not ornamental, is not generic, and has developed recognition and association with Cortec as the source of COLOR BLUE vapor corrosion inhibitor film within the relevant markets.

20. Transilwrap's infringement is not excused by any alleged detrimental reliance, and Cortec has not acquiesced to Transilwrap's infringing conduct.

### PRAYER FOR RELIEF

WHEREFORE, Cortec respectfully requests the following relief from this Court:

1. That judgment be entered for Plaintiff on all of its claims;

2. That Transilwrap be preliminarily and permanently enjoined and prohibited from using Cortec's COLOR BLUE trademark or any other confusingly similar designation in connection with the products discussed herein;

3. That Cortec be awarded an amount equivalent to all damages sustained by it as allowed under all relevant federal and state statutes and common law, including Transilwrap's profits which it, Transilwrap, has realized as a result of its sale of infringing products not originating from Cortec;

4. That Cortec be awarded, in accordance with 15 U.S.C. §§ 1117(a) and (b), an award that is triple its actual damages, and an award of Transilwrap's profits relating to the acts of trademark infringement and unfair competition described above;

5. That Transilwrap be compelled to deliver up for destruction all advertising and promotional materials in its possession which advertise or promote blue film products that infringe Cortec's COLOR BLUE trademark;

6. That Transilwrap, in accordance with 15 U.S.C. § 1116(a) be required to file with the Court, and serve upon Cortec, within thirty (30) days after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Transilwrap has complied with the terms of such injunction;

7. Cortec be awarded its attorneys' fees and costs; and

8. Cortec further requests such other and further relief as the Court may deem equitable and just.

## **DEMAND FOR JURY TRIAL**

Cortec hereby demands a trial by jury for all issues triable to a jury pleaded herein.

                                                                 CORTEC CORPORATION

                                                                 By:    /s/James K. Borcia
                                                                                One of Its Attorneys

James K. Borcia (jborcia@tresslerllp.com)
Nikolai Guerra (nguerra@tresslerllp.com)
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

Eric O. Haugen, Esq.
MN ID #189807
1130 TCF Tower
121 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 339-8300